S. SIDNEY STERN and ABE STERN, Plaintiffs, Respondents, *v.* VASSONCELLOS WOODHOUSE and HARTLAND WOODHOUSE, Defendants, Appellants.

Supreme Court, Appellate Term, First Department, June 19, 1924.

**Pleadings — bill of particulars — action for breach of warranty by defendant to purchase goods for customer — complaint contained extensive recitals of transactions between parties — defendant's motion for bill of particulars granted where plaintiff cannot be injured by compliance with demand.**

Defendant's motion for a bill of particulars, in an action for breach of warranty by the defendants of their authority to purchase goods on behalf of a customer, should be granted where the defendant sought information in connection with certain transactions between the parties and other items extensively alleged in the complaint, since there is nothing to indicate that the plaintiff can be injured or embarrassed by complying with the demand for particulars.

APPEAL by defendants from an order of the City Court of the city of New York, denying their motion for a bill of particulars except as to a single item and from an order denying motion for resettlement.

*Eisman, Lee, Corn & Lewine (Bernard H. King,* of counsel), for the appellants.

*Charles L. Hoffman* and *Henry A. Friedman,* for the respondents.

*Per Curiam.* The complaint is apparently based on breach of warranty by the defendants of their authority to purchase goods on behalf of a customer, though there is an allegation that the goods were also tendered to the defendants themselves. The complaint

contains somewhat extensive recitals of transactions between plaintiffs and defendants and also of delivery or offer to deliver the goods to the defendants and the alleged customer. The prayer for particulars has been granted only in respect of the manner in which plaintiffs claim the defendants advised them of the sale to the customer.

Plaintiffs', respondents', counsel in their brief say that that was a sales note as indicated by the answer. The brief further says that all the other matters above referred to " relate merely to preliminary communications, talks and interviews between the parties before the execution by defendants of said sales note   *   *   *. Those matters, of course, are matters of evidence only." We are not in position to determine, particularly in view of the form of the complaint, whether these are matters of evidence merely. If they are, they do not belong in the complaint. Apparently some are not even matters of evidence but are wholly immaterial. As to the latter plaintiffs cannot be injured by an order of preclusion. Where the exact character of the allegations in that respect is in doubt it must be assumed that plaintiffs deem them material to their cause of action since they are alleged in the complaint. Certainly, in regard to the delivery and offer to deliver and other items, which need not be specified, the allegations are essential. We cannot see how in any event plaintiffs can be injured or even embarrassed by complying with the demand for particulars of the allegations of the complaint which plaintiffs evidently deem essential.

Orders reversed, with ten dollars costs and disbursements, and motion for bill of particulars granted in its entirety, with ten dollars costs.

All concur; present, BIJUR, MULLAN and LEVY, JJ.

Orders reversed and motion granted.